## ARMON HOLDEN v. STATE.

No. A-9332. March 11, 1938.
(77 P. 2d 587.)

Ratliff & Clark, of Tishomingo, and J. Harry Swan, of Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, the defendant in the lower court, was by information charged with embezzlement of an Ajax four-door sedan, 1926 model car, alleged to be worth $100; was tried, found guilty, and the court sentenced the defendant to nine months in the penitentiary at McAlester. From which judgment and sentence the defendant, Armon Holden, appeals.

The facts in this case are brief, and it is not deemed necessary to set out the testimony in full. The defendant, Armon Holden, and the prosecuting witness, Fred Fowler, were brothers-in-law. Fowler owned an old Ajax 1926 car; in 1934 Fowler did not secure a license for the car, and the defendant made a proposition that he would take the car and give him a cow for it; the car was delivered to the defendant by the prosecuting witness, and the title to the car assigned to him, and defendant drove the car to town and bought a license and had the car fixed so it was in running order. The cow was delivered to Fred Fowler. After this trade is claimed to have been made, and partially admitted by the prosecuting witness, it was more than a year before the defendant saw Fred Fowler again. The defendant lost his wife, and at the funeral he saw the prosecuting witness, Fred Fowler.

It is further shown the defendant had used this old car for a while and it broke down and defendant left it at the home of a man by the name of Nelson, about seven miles south of Seminole; the condition of the car was such the defendant did not move it.

Later on defendant says when he went to where he left the car to move it he found the sheriff or some one had taken the car and that the same was in the possession of the sheriff. The testimony fails to show that a demand

was made by the witness Fowler on the defendant for a return of the car. The prosecuting witness insists he loaned the car to the defendant. This does not seem reasonable, for the reason that the title had been assigned to the defendant and he went to the tag office and bought a new license tag. The defendant says he bought the car from the prosecuting witness, Fowler, and gave him a cow in payment. The state's witness admits he received the cow, but claims she was not satisfactory and he turned her out but does not offer any testimony to show what became of the cow.

The defendant accounts for where the car broke down, and then accounts for the fact that the sheriff went out and pulled the broken down car into town. Nowhere does the state's witness say he demanded of the defendant that he return the car. There is no testimony in the record showing the defendant had borrowed the car from the state's witness excepting his testimony. The testimony of the assignment of the title and the length of time the witness Fowler waited before he brought this prosecution, and his failure to demand the return of the car from the defendant, clearly shows that the defendant did not violate any trust imposed in him by the state's witness, but, on the other hand, that he had purchased the car, taking an assignment of the title to the car, and went to town and bought a license for the car and used it until it broke down.

There is no evidence in the record in any way tending to show the defendant in this case concealed the car or that he did anything that tended to show he was not the owner of the car.

The defendant has assigned five errors alleged to have been committed by the trial court. The only assignment necessary to be considered is assignment 1: "That the verdict returned by the jury in said cause is contrary to the law and is not supported by the evidence."

There is no question of law in this case. The only question is a question of fact, and that is, Is there sufficient testimony in the record to sustain the defendant's conviction on a charge of embezzlement of the car in question?

The defendant and prosecuting witness as brothers-in-law were together and the question of the car came up; the car was valued at $40; and the defendant bought the car from his brother-in-law, and gave him a cow for the $40. The prosecuting witness admits he got the cow but claims he loaned the car to the defendant. The undisputed testimony in the record is the defendant claims he bought the car and drove to town; that the title of the car had been assigned to him and he bought a new license for the car in his name; he went on about his work and business, using the car. The cow was delivered to the state's witness. The cow was not returned to the defendant, and it was almost two years after he bought this car until the prosecuting witness filed the charge of embezzlement.

The prosecuting witness in his testimony tries to show the county attorney would not institute the prosecution was the reason why it was delayed so long before a complaint was filed. The state's witness does not give any reason why he did not demand the return of the car from the defendant, and did not talk with him or ask him to return it, even though they met at the funeral of the defendant's wife.

The record discloses the prosecuting witness became dissatisfied with the cow that had been traded to him for the car and for that reason he wanted to get the car back. He failed to account for what became of the cow.

It does not stand to reason that any one would lend a car to another as contended by the prosecuting witness and never make any request for its return. The evidence, facts, and circumstances surrounding this clearly show there was no criminal intent on the part of the defendant, but that the

defendant had received the car, and assignment of title to him, and believed that he owned the car.

There being no competent evidence to sustain a conviction for embezzlement, the judgment of the trial court is reversed.

DOYLE and BAREFOOT, JJ., concur.